## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| TAJU OLAROTIMI DURODOYE<br>1323 Howard Road<br>Glen Burnie, Maryland 21060<br><br>    Plaintiff<br><br>    v.<br><br>RUBY TUESDAY INC.<br>4721 Morrison Drive<br>Mobile, Alabama 36609<br><u>SERVE ON RESIDENT AGENT</u><br>The Corporation Trust Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD 21093<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil No.: _____ |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff, Taju O. Durodoye, (hereafter "Plaintiff") by his attorney, Fatai A. Suleman, Esq. and the Law Offices of Amity & Suleman, P.A. and for cause brings this action against Ruby Tuesday Inc., (hereafter "Defendant") and states as follows:

## PARTIES

1.    Plaintiff is a resident of Glen Burnie, Maryland, within the jurisdiction of this Honorable Court.

2.    Plaintiff is a fifty-two (52) years old black male originally from Nigeria, Africa and thus within the protected class of employment discrimination on the basis of age, race, color, and/or national origin.

3.     Defendant, upon information and belief, is a State of Georgia incorporated corporation having its principal office in Mobile, Alabama and doing business in various states in the United States including the State of Maryland.

4.     Defendant is a person within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b).

## JURISDICTION AND VENUE

5.     This action is brought by Plaintiff to secure the protection of and to redress deprivation of rights secured by the Age Discrimination in Employment Act, (ADEA), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., providing for relief against discrimination in employment on the basis of age, race, and national origin respectively.

6.     Declaratory relief, damages and other appropriate legal and equitable remedies are sought pursuant to 42 U.S.C. § 2000e(f) and (g) and 42 U.S.C. 1981A.

7.     This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and this Court also has pendent and/or ancillary jurisdiction over any and all common law or state law causes of action that may be presented herein. The Court also has supplemental jurisdiction with respect to any state claims asserted herein under 28 U.S.C. 1367(a).

8.     The unlawful employment practices alleged in this action were committed within the United States District Court for the District of Maryland and venue is proper in this District pursuant to § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(3).

2

9.    On April 18, 2017, Plaintiff timely filed employment discrimination charges with the Equal Employment Opportunity Commission (EEOC) against the Defendant regarding the discrimination alleged in this Complaint.

10.    On or about February 28, 2019, Plaintiff was issued a Notice of Right to Sue "Notice of Right to Sue" issued to Plaintiff by the EEOC attached herein as Plaintiff's Exhibit 1.

11.    This action has been commenced by Plaintiff within ninety days of receiving the Notice of Right to Sue from the EEOC.

12.    Plaintiff assert that all conditions precedent to the filing of this suit have been performed or have occurred.

## FACTUAL ALLEGATIONS

13.    On or about April 1, 1986, Plaintiff began his employment career with Defendant at the time when Defendant was operating under the same umbrella with Morrisons Family Dining/Morrisons Healthcare and Ruby Tuesday.

14.    From the said April 1, 1986, Plaintiff worked at the Morrisons Family Dining as an Operations Manager before transferring to Ruby Tuesday in the year 2000.

15.    From on or about March 28, 2000, Plaintiff worked for Defendant as an Assistant Manager at one of Defendant's restaurants located in Marley Station Mall, Glen Burnie, Maryland.

16.    In 2004, Plaintiff was one of the managers transferred to Linthicum to open the newly opened Defendant's restaurant in Linthicum.

17.     On April 2, 2017, Plaintiff was placed on suspension with pay pending an alleged investigation by the Defendant.

18.     On or about April 12, 2017, Plaintiff learnt for the first time that Plaintiff's employment with the Defendant has been terminated by Defendant on April 3, 2017.

19.     Defendant did not provide Plaintiff with any reason whatsoever for terminating Plaintiff's employment of more than seventeen (17) years with Defendant.

<u>UNLAWFUL EMPLOYMENT TERMINATION</u>

**(Age, Race, Color, and/or National Origin)**

20.     Plaintiff hereby re alleges and incorporates by reference as if fully set forth herein, the relevant allegations of ¶¶ 1 through 19 above as if fully set forth herein and in addition alleges:

21.     Plaintiff asserts that at all material times, Plaintiff was adequately performing his duties and was meeting the legitimate expectation of Defendant.

22.     During the course of his employment with Defendant, Plaintiff was a hard-working and conscientious employee with no issues regarding the performance of his duties.

23.     During the course of his employment with Defendant, Plaintiff did not have any history of previous discipline by Defendant for any Plaintiff's misconduct prior to the termination of Plaintiff's employment by Defendant.

24.     Plaintiff asserts that other employees outside of Plaintiff's protected class of discrimination, (Caucasian employees, employees not of African descent, and employees who are younger than Plaintiff), who have violated Defendant's company policy were not severely disciplined as Plaintiff by the Defendant.

25.     Plaintiff asserts that Defendant has discriminated against him because of his age in violation of the ADEA, and/or because of his race, color and/or National Origin, in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a) among other ways by discharging him from his employment and discriminating against him in the terms and conditions of his employment.

26.     As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial losses incurred in loss of past and future earnings, bonuses, deferred compensation, and other employment benefits, plus expenses and attorneys' fees.

27.     Plaintiff further asserts that as a proximate result of Defendant's action, Plaintiff has suffered and continues to suffer impairment and damage to his good name and reputation by Defendant causing Plaintiff to be discharged with untrue implication to all future prospective employers that Plaintiff had been discharged for incompetence or unsatisfactory performance.

28.     As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation,

distress, pain and anguish, and other incidental and consequential damage and expense.

29.     Plaintiff asserts that Defendant's conduct was outrageous, callous, oppressive and done in conscious disregard of Plaintiff's rights, thus entitling Plaintiff to an award of punitive damages in this action.

**WHEREFORE** Plaintiff prays that this Court:

A.     Reinstate Plaintiff to his former position or one comparable thereto.

B.     Order Defendant to make whole Plaintiff by providing back pay, reimbursement for lost pension, social security and other benefits.

C.     Award Plaintiff the sum of One Million Dollars ($1,000,000.00) as compensatory damages and the sum of Five Million Dollars ($5,000,000.00) as punitive damages against Defendant.

D.     Award Plaintiff reasonable attorneys' fees, prejudgment and post judgement interest and costs of this action.

E.     Grant such additional relief as the Court may deem just and proper.

### PRAYER FOR TRIAL BY JURY

Plaintiff respectfully prays for trial by jury in this action.

### PLAINTIFF'S VERIFICATION

I, Taju O. Durodoye, being duly sworn and subject to the penalty for perjury, hereby certify that I am the Plaintiff in the foregoing action. I have read the foregoing complaint and the facts stated herein and believe same to be true, except

those stated to be upon information and belief. For those facts too, I believe them to be true.

Taju Olarotimi Durodoye

Respectfully submitted,

Fatai A. Suleman, Esquire (# 14431)
AMITY & SULEMAN, P.A.
7501 Greenway Center Drive, Suite 450
Greenbelt, MD 20770
Telephone: (301) 982-3434
Fax: (301) 982-3411
E-mail: faslaw@ask-lawyers.net

*Attorney for Plaintiff*

# PLAINTIFF'S EXHIBIT 1

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Taju O. Durodoye<br>1323 Howard Road<br>Glen Burnie, MD 21060 | From: | Baltimore Field Office<br>G.H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD 21201 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2017-20565 | **George Collins,**<br>Investigator | **(410) 209-2234** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

**Rosemarie Rhodes,**
**Director**

FEB 2 8 2019

*(Date Mailed)*

Enclosures(s)

cc:

| Raha Assadi<br>STEWART BRADBURY, PLLC<br>1722 Routh Street, Suite 745<br>Dallas, TX 75205 | Fatai A. Suleman, Esq.<br>AMITY & SULEMAN, P.A.<br>Maryland Trade Center III<br>7501 Greenway Center Drive, Suite 450<br>Greenbelt, MD 20770 |
|---|---|